51 F.3d 269
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Bernard GRAHAM, a/k/a Black, Defendant-Appellant.
 No. 94-5561.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 15, 1995.
Decided April 6, 1995.
 
 W. Gary Kohlman, KOHLMAN, ROCHON & ROBERTS, Washington, DC, for appellant. Helen F. Fahey, United States Attorney, Peter E. Jaffe, Special Assistant United States Attorney, Alexandria, VA, for appellee.
 Before RUSSELL and WILLIAMS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Larry Bernard Graham appeals from his conviction by a jury of one count each of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C.A. Sec. 846 (West 1981 & Supp.1994), and attempting to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) (1988), 21 U.S.C.A. Sec. 846 (West 1981 & Supp.1994). Graham asserts that there was insufficient evidence to support the jury's verdict, based on grounds of credibility and the circumstantial nature of the evidence against him. Because we find sufficient evidence to support his conviction, we affirm.
 
 
 2
 Graham's arrest and conviction arose when he, together with several co-conspirators, exchanged money for cocaine with an undercover Drug Enforcement Agency (DEA) agent. At trial, one of the coconspirators testified against Graham, specifically identifying him as being involved in the conspiracy, and as the individual who handed him the bag containing the money for the purchase of eight kilograms of cocaine from the DEA agent. The DEA agent also testified at trial, positively identifying Graham as the individual who, during the drug transaction, demanded to see the cocaine before showing the money. He also testified that one of the telephone calls he received relating to the drug transaction came from a telephone registered to Graham. Moreover, a fingerprint expert testified that a latent fingerprint lifted from the bag containing the money used in the drug transaction matched Graham's.
 
 
 3
 Graham appeals his conviction claiming that the evidence was insufficient to support his conviction because: (1) the DEA agent who identified him had previously identified someone else; (2) his accomplice's testimony was inherently unreliable because he had already been sentenced to a substantial prison sentence; and (3) the evidence of the fingerprint and the origin of the telephone call from Graham's phone was circumstantial.
 
 
 4
 The sole question on appeal is whether the evidence introduced at trial supports the jury's finding that Graham conspired to possess, and attempted to possess the cocaine. A jury verdict must be sustained if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). The relevant question is whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts established to those sought to be proven. Id. In resolving issues of substantial evidence, this Court does not weigh evidence or review witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989).
 
 
 5
 In this case, Graham's first two claims go solely to witness credibility and bias, which is the sole province of the jury to determine. See Saunders, 886 F.2d at 60. With regard to Graham's third claim, regarding the circumstantial nature of the fingerprint and telephone call evidence, we note that evidence was fully corroborated by witness testimony. Moreover, knowledge of, and participation in, a conspiracy may be proved by circumstantial evidence. United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir.), cert. denied, 484 U.S. 969 (1987), 485 U.S. 991 (1988).
 
 
 6
 In considering the circumstantial, as well as the direct evidence, and allowing the Government the benefit of all reasonable inferences from the facts proven to those sought to be established, Tresvant, 677 F.2d at 1021, we find the evidence sufficient to support the jury's finding that Graham was guilty. We therefore affirm his conviction on both counts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.